243 So.2d 791

**STATE of Louisiana**

v.

**Gilbert Don MONTEGUT.**

No. 50535.

Jan. 18, 1971.

Rehearing Denied Feb. 24, 1971.

Robert J. Zibilich, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

SUMMERS, Justice.

Gilbert Don Montegut was charged by bill of information with armed robbery, in that on April 8, 1969, while armed with a dangerous weapon, a pistol, he robbed Alma Miller of $45.00. He was tried, convicted and sentenced to serve five years in the Louisiana State Penitentiary. La.R.S. 14:64. He relies upon one bill of exceptions to support his appeal from the conviction and sentence.

On April 8, 1969, about 7:55 in the evening, Phyllis Labuzin, the ticket seller at the Claiborne Theater on Claiborne Avenue in New Orleans was robbed by Montegut, whom she believed to be concealing a weapon in his shirt. At the time, Montegut was accompanied by a confederate. After the robbery, together they ran from the scene. Later, about 8:05 that same evening, Alma Miller, the victim in the case at bar, was working in the ticket booth of the Circle Theater on North Galvez Street in the city of New Orleans when Montegut approached the booth and demanded, "Give me all the money you have in there." He was again accompanied by a confederate who stood nearby. Because Montegut's hand was inserted in his shirt in such a manner that she believed he was concealing a pistol, she gave him the money. When she handed the

money—approximately $69—to Montegut; he and his confederate ran from the scene.

Four nights later, on April 12, 1969, at approximately 8:40, Dianne Toran was robbed while she was selling tickets at the Carver Theater on Orleans Street in New Orleans. The robber, whom she identified as Montegut, had his hand in his shirt giving the impression that he concealed a pistol; he was accompanied by a confederate who stood nearby during the robbery. When they received the money, together they ran from the scene.

At the trial, Dianne Toran was called as a State witness, and this question was propounded by the State's attorney: "Dianne, directing your attention to April 12th, 1969, a Saturday evening, approximately 8:40 p. m., would you tell the Court what happened?" Defense counsel then objected that the question was prejudicial in that it attempted to bring in other unrelated offenses and, particularly, a crime committed four days after the offense for which Montegut was being tried. This latter circumstance is said to make the subsequent offense inadmissible to prove guilty knowledge or intent.

The objection was overruled by the judge, at which time he instructed the jury that any testimony of other alleged offenses offered by the State, other than the offense for which Montegut was being tried, was admissible for the purpose of proving guilty knowledge, system or intent, but was not admissible to prove Montegut's guilt of the offense for which he was being tried. The only bill before us was reserved to this ruling.

Sections 445 and 446 of Title 15 of the Revised Statutes control the issues and support the ruling of the trial judge.

In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction. (La.R.S. 15:445)

When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged. (La. R.S. 15:446).

In his brief, defense counsel reurges the objection entered at the trial. In addition he argues that while the law may allow evidence of other crimes to prove intent and knowledge under some circumstances, intent and knowledge form no part of the crime of armed robbery, and it was improper to admit evidence tending to prove intent and knowledge.

■ Contrary to this latter defense contention, intent *is* an essential element of the crime of armed robbery. That crime is defined in these terms: "Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." La.R.S. 14:64. Although the word "intent" is not used in the definition of armed robbery, the crime is a species of theft, and in a theft "An *intent* to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential." La.R.S. 14:67. The meaning of theft, therefore, specifically includes intent as a necessary element of the crime of armed robbery.

Having decided that intent is an essential element of armed robbery, we must next consider whether the act of the accused in running away on the night of April 12 tends to establish that Montegut intended to "deprive" the ticket seller "permanently" of the money on April 8.

It is our opinion that the necessary intent is shown by these facts. The marked similarity, or *modus operandi,* in the April 8 and April 12 transactions bolsters the finding that the necessary criminal intent was present on both occasions. Not only is intent shown by the facts, but a "system" was clearly demonstrated by the repeated use of almost identical tactics in the

three robberies. Thus the evidence was again admissible under Section 446 of Title 15.

■ Therefore, when offered to show guilty knowledge or intent, it is no ground for objection that the proffered evidence concerns offenses occurring after the offense for which the accused is being tried provided the time interval, as in this case, does not dim the connexity. Decisions of this Court support this proposition. State v. Spencer, 257 La. 672, 243 So.2d 793, decided this day; State v. Wilde, 214 La. 453, 38 So.2d 72 (1948); State v. Keife, 165 La. 47, 115 So. 363 (1928) and State v. Jackson, 163 La. 34, 111 So. 486 (1927).

The conviction and sentence are affirmed.