BARHAM, Justice.
 

 Norman J. Spencer was charged by bill of information with armed robbery (R.S. 14:64), tried, convicted as charged, and sentenced to 30 years in the Louisiana State Penitentiary. His appeal is based on seven bills of exception.
 

 Bill of Exception No. 1.
 

 Before the voir dire examination of the prospective jurors, counsel for defendant moved for disqualification and discharge of the jury panel on the ground that the accused was brought to court in handcuffs and that this was a violation of his constitutional right to a trial before an impartial jury. The motion was overruled, and Bill of Exception No. 1 was reserved.
 

 The trial judge explains in his per curiam that the practice of bringing an ac- ' cused to his courtroom in handcuffs’ was adopted as a precaution because the location of the courtroom required that prisoners be escorted from the parish prison through public halls at the risk of escape or attempted escape. According to the per curiam, the record is devoid of any evidence that the jury panel was present 'when the accused was brought into the courtroom, or that any jurors saw him in handcuffs. The handcuffs were removed as soon as the prisoner was seated in his 'place, and were not replaced during the trial. 'No evidence was taken on the motion, nor was 'any voir dire examination of
 
 *677
 
 prospective jurors directed to whether they, had seen the defendant while manacled or were in any way adversely impressed by his appearance in the courtroom. In the absence of any showing of prejudice we cannot say that the judge erred in his ruling.
 

 Bills of Exception Nos. 2 and 3.
 

 These bills relate to rulings made during the voir dire examination of the prospective juror Fulco. Defense counsel asked the juror: “Would the fact that your family had been robbed before affect you in any way ?” The answer was, “No.” Counsel then sought to challenge Mr. Fulco for cause, alleging that his answer to this question contradicted a reply he had given on another voir dire examination’ at a trial on the previous day. The judge ruled that no cause for challenge had been established, and Bill No. 2 was reserved. The ruling was correct. There was nothing before the judge except the prospective juror’s answer, for the unsworn statement of counsel was not a part of the record and no proof was offered to support the statement. Bill No. 3 was taken when the judge refused to permit defense counsel to question Mr. Fulco regarding the verdict reached in another trial in which he had served as a juror. The judge correctly ruled that this was not proper voir dire examination. C.Cr.P. Art. 786; State v. Martin, 250 La. 705, 198 So.2d 897. In any ev.ent, the accused has no ground for complaint under either bill since he did not exhaust his peremptory challenges. C.Cr.P. Arts. 800, 799.
 

 Bill of Exception No. 4.
 

 The bill of information under which the defendant was tried and convicted alleged that on June 6, 1969, while armed with a dangerous weapon, a revolver, he robbed Ellis Broadway of $190.00. The robbery took place shortly after midnight at Blaise Parking Lot, 210 North Rampart, where Broadway was employed. The assistant district attorney in his opening statement revealed that in order to show system, intent, and guilty knowledge the State would offer the testimony of Broadway that he was again robbed by the defendant nine days after the first robbery. This second robbery also took place at the parking lot where Broadway worked, and the modus operandi was the same. Bill of Exception No. 4 was reserved when the judge overruled defense counsel’s objection to this part of the opening statement. The judge stated when he made the ruling that he would instruct the jury at the proper time of the limited purpose for which such evidence was admitted. When evidence in regard to the other robbery was offered on the trial and when the final jury instructions were given, the judge instructed and charged the jury that this evidence was inadmissible to prove the act charged and
 
 *679
 
 was admissible only to establish system, guilty knowledge, and intent.
 

 Although, in general, evidence of a crime other than that for which a defendant is being tried is inadmissible, there are well recognized exceptions to this rule. One such exception is that evidence of another offense may be offered to show system, intent, and guilty knowledge.
 
 [1]
 
 R.S. 15:445, 446. See Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).
 

 The questionable language in the pertinent statute, R.S. 15 :446, which presents a problem of definition is “where
 
 the offense
 
 is one of a
 
 system’’.
 

 [2]
 

 Robbery is not an offense of system if “system” is meant to apply to those crimes which entail continuity of activity for the culmination of the offense, such as theft by embezzlement, forgery, etc. However, the jurisprudence of our state and of the majority of other jurisdictions appears to define crimes of a “system” as those acts and offenses which are of a like nature and exhibit like methods or plans of operation.
 
 [3]
 
 Evidence of other robberies has been admitted in robbery prosecutions in numerous jurisdictions to show system, knowledge, and intent. See 42 A.L.R.2d 854-890; 40-18 A.L.R.2d L.C.A. 240. This court has also held such evidence admissible. See State v. Welch, 250 La. 719, 198 So.2d 902; State v. Hurst, 257 La. 595, 243 So.2d 269; State v. Montegut, 257 La. 665, 243 So.2d 791, and State v. Montegut, 257 La. 670, 243 So.2d 793, all decided this day.
 

 As previously noted, the defendant employed the exact method and plan of operation in later committing another robbery of the same person within a time-span which this court has held to be of reasonable nexus. We apply the majority view that these two robberies are crimes of a system.
 

 The offense here charged being one of a system, evidence of an offense of like na
 
 *681
 
 ture was admissible under R.S. 15:446 to show guilty knowledge and intent, though not to prove the offense charged. It does not matter whether the other offense occurred before or after the one charged, for the provision of R.S. 15:446 allowing proof of similar offenses where the crime charged is one of a system makes no distinction as to prior or subsequent offenses. Where offenses are of a system, it is the very similarity of modus operandi, scheme, and plan which identifies one with the other. It is logical and reasonable to infer in these instances that if the accused had guilty knowledge and intent when any one of the offenses was committed, guilty knowledge and intent were present when the offense charged was committed. It is the fact that they are a part of a system which makes the intent and knowledge possessed by the offender in one imputable to him in the other. State v. Montegut, supra.
 

 The judge’s ruling was correct.
 

 Bill of Exception No. 5.
 

 During his opening statement defense counsel began to argue the law of the case relative to burden of proof, reasonable doubt, and failure of defendant to take the stand. When the judge informed counsel that he must confine his opening statement to what he intended to prove and should reserve his argument on the law for the jury at the end of the case, counsel moved for a mistrial. The motion was overruled, and Bill of Exception No. 5 was reserved.
 

 This court held under former R.S. 15:333 (Article 333 of the Code of Criminal Procedure of 1928), which defined the scope of the defendant’s opening statement, that if counsel for defendant elected to make an opening statement, it was to be confined to an explanation of the defense and the evidence which would be used in an attempt to prove the defense. Wide discretion was vested in the trial judge in his control of the opening statement to confine it within these limits. State v. Shuff, 198 La. 67, 3 So.2d 278; State v. Boone, 227 La. 850, 80 So.2d 710. Our present Code of Criminal Procedure fails to lay down rules for the defendant’s opening statement. Articles 766 et seq. apply only to the State. We are of the opinion that this jurisprudence concerning the defendant’s opening statement remains the law and is applicable. We therefore hold that defense counsel who avails himself of the opportunity to make an opening statement under Code of Criminal Procedure Article 765(4) must confine his remarks to an explanation of the nature of the defense and the evidence by which he expects to establish it. The trial court here properly exercised its discretion, and its ruling was correct.
 

 
 *683
 

 Bill of Exception No. ó.
 

 In an attempt to prove an alibi, the defense called as a witness the mother of the accused, who testified that her son was with her at home, at the time of the robbery. On cross-examination the State asked this witness whether anyone had talked to her about her testimony and whether she had discussed it with defense counsel, with Ellis Broadway, or with anyone else. The defense objected to this line of questioning, the judge overruled the objection, the witness was permitted to answer, and Bill No. 6 was reserved. In his per curiam the judge states that he thought the question was proper, and that in any event the testimony of the witness was advantageous to the defendant rather than prejudicial. The court’s ruling that this was permissible cross-examination was correct.
 

 Bill of Exception No. 7.
 

 Another witness for the defense, Marilyn Banks, testified that Spencer, the accused, was with her on the night of the robbery. Recognizing a possible discrepancy between this evidence and the testimony of Spencer’s mother, who had claimed he was with her, the assistant district attorney asked the witness whether she was aware that the mother had made a statement that she and her son were together at the time of the crime. The defense objected, the objection was overruled, and Bill No.
 
 7
 
 was taken.
 

 The only basis of objection given in the bill is counsel’s opinion that if the mother’s testimony was to be repeated, it should be read from the original. The judge says in his per curiam that there was no legal basis upon which he could rule in favor of defendant on this objection, that the defense was given ample opportunity to reexamine the witness in order to elicit any testimony favorable to the accused, and that there was nothing to show that the defendant was in any way prejudiced by the ruling. The bill is without merit.
 

 Accordingly the conviction and sentence are affirmed.
 

 [1]
 

 . In several dissents I have stated my reluctance to extend this exception. I have been particularly concerned that at least some notice to the defendant before trial that such proof will be made is perhaps a requirement of due process. I have also been concerned with this court’s apparent disregard for a time relationship in some cases as a predicate for the admissibility of such evidence. However, I have stated my position and now must become an effective organ for the majority of the court. I therefore adhere to this court’s jurisprudential statement of law and policy in this regard.
 

 [2]
 

 . R.S. 15:446 reads: “When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and
 
 where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.”
 
 (Emphasis supplied.)
 

 [3]
 

 .A distinction has been made between “crimes of a system” and “systematic crimes”. See Walker v. State, 103 Tex. Cr.R. 555, 281 S.W. 1070; McGowan v. State, 117 . Tex.Cr.R. 74, 36 S.W.2d 156.