257 So.2d 687

**STATE of Louisiana**

**v.**

**Willie CARNEY, Jr.**

No. 51579.

Feb. 3, 1972.

Barry F. Viosca, William H. Byrnes, III, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Willie Carney, Jr., appeals from a conviction of Armed Robbery, La.R.S. 14:64, for which he was sentenced to serve forty (40) years at hard labor in the State Penitentiary.

◼ The defendant reserved and perfected two bills of exceptions. The first bill of exceptions was taken to testimonial evidence of another armed robbery which took place on October 13, 1970, three days before the armed robbery with which defendant was charged in the instant case.

In his per curiam to this bill of exceptions, the trial judge stated that he allowed the evidence of a prior crime, under the authority of La.R.S. 15:445, and 15:446. We find his ruling correct. The defendant used the same system on both occasions—a feigned attempt to sell (or pawn) a pistol to his victim just before robbing him. Evidence of similar acts independent of the act charged as a crime is admissible to show guilty knowledge or intent, and where the offense is one of a system, evidence is admissible to prove the continuity of the offense. La.R.S. 15:445 and 15:446; State v. Montegut, 257 La. 665, 243 So.2d 791 (1969). As was the case in *Montegut*, the evidence of a prior armed robbery, was admissible to show the system employed by the defendant, " . . . demonstrated by the repeated use of almost identical tactics in the (previous) robberies." 257 La. 669, 243 So.2d 792.

◼◼ The second bill of exceptions alleges the trial judge erred when he permitted a slug to be introduced to the jury for examination. The slug had fallen from the clothing of the robbery victim in the emergency room of the hospital to which he was taken for treatment of a gunshot wound inflicted by the robber. At the time the slug was offered as evidence by the state and admitted into evidence, the defense counsel expressly stating he had "no objection" to its being admitted. Later in the trial, during the final moments of the State's case, the state requested the slug be given to the jury. The defense counsel objected on the grounds that it was calculated to incite the emotions of the jurymen and prejudice their minds against the defendant. The court overrul-

ed this objection and permitted the slug to be given to the jury.

The jury has the right to examine physical evidence properly admitted. C.Y.La.C. Cr.P. art. 793. The slug was relevant evidence as it tended to show the commission of the offense and intent, La.R.S. 15:441, and the trial judge did not abuse his discretion by allowing it to be admitted into evidence.

For the reasons assigned, the conviction and sentence are affirmed.

SUMMERS, J., concurs in the results only.