257 So.2d 669

**STATE of Louisiana**

**v.**

**Henry Douglas MODELIST.**

**No. 51499.**

Feb. 3, 1972.

Barry F. Viosca, William H. Byrnes, III, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Henry Douglas Modelist, appeals from a conviction of armed robbery, La.R.S. 14:64 for which he was sentenced to serve thirty (30) years at hard labor in the state penitentiary.

The defendant reserved and perfected three bills of exceptions. The first bill of exceptions was taken when the trial judge overruled defense counsel's objection to certain testimonial evidence of another robbery committed by the defendant on a date other than the one he was charged with in the instant case. This bill is without merit.

■■■ Evidence of similar acts independent of the act charged as a crime is admissible to show guilty knowledge or intent. La.R.S. 15:445 and 446; State v. Montegut, 257 La. 665, 243 So.2d 791 (1969). In the present case, the defendant was identified by another bus driver as the one who robbed him at gunpoint two days after the robbery for which he was charged. This subsequent act of armed robbery was committed in the same general location as the first; the victim was a bus driver; and the same words were spoken by the assailant. As stated in *Montegut*, " . . . a 'system' was clearly demonstrated by the repeated use of almost identical tactics in the three robberies." 257 La. 669, 670, 243 So.2d 792.

■■■ The second and third bills of exceptions were taken to certain comments made by the assistant district attorney during the state's rebuttal argument to the jury. Defense counsel objected to the assistant district attorney referring to the defendant as a dope addict and inferring that the motive for the robbery was to support a narcotic habit. The trial judge overruled the objections. In these two remaining bills the defendant alleges the same error; that reference was made to the defendant's addiction to narcotic drugs in the state's closing argument without any evidence of addiction having been introduced during the trial. See La.C.Cr.P. art. 774: "The argument shall be confined to evidence admitted," etc.

These bills are without merit, as pointed out by the trial judge in his per curiams. There was evidence of such addiction introduced without objection. When questioned about the use her son put to certain money he obtained, the defendant's mother testified under oath, " . . . somebody got my son hooked on narcotics, sir." The assistant district attorney then asked her, "Is this where he was spending the money?"; to which question the defendant's mother replied, "Yes, sir."

■■■ In his argument in this appellate court, the defendant contends for the first time that the line-up identification evidence was improperly admitted. No objection was made at the trial as to the admission of such testimony. The failure to object at the time of introduction waives the right to complain after verdict of this alleged irregularity. La.C.Cr.P. art. 841.

For the reasons assigned, the conviction and sentence are affirmed.