PER CURIAM.
The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to twenty-five years at the Louisiana State Penitentiary. He appeals his conviction and sentence relying on seven bills of exceptions reserved and perfected during the proceedings.
Defendant in brief argues only bills of exceptions Nos. 2, 3 and 4.
The defendant is charged with the armed robbery of Church’s Fried Chicken Restaurant of March 25, 1970. Bill of Exceptions No. 2 was reserved during the opening statement when the state alluded to certain activities of the defendant which occurred on April 5, 1970, 10 days subsequent to the armed robbery for which the defendant was convicted. The prosecution stated that one John Washington would testify that the defendant appeared at the window of a Jim Dandy Chicken Store where Washington was employed and after a period of time fired a shot from a pistol into the store. The defendant objected to this remark by the prosecution on the grounds that the activities of April 5 described in the opening statement alluded to a crime which was not admissible in evidence to prove the crime for which he was charged. The defense counsel argues that the aggravated assault perpetrated by the defendant at the Jim Dandy Chicken store on April 5 is not admissible under the knowledge, intent, and system exception contained in La.R.S. 15 :- 445, 446 to prove the crime of armed robbery.
We agree with the defendant’s argument that the aggravated assault committed by the defendant on April 5, was not admissible under the knowledge, intent, and system exception contained in La.R.S. 15 :- 445, 446. However, the incident occurring on April 5 has relevance independent of the proof of knowledge, intent, or system. That is, the defendant had committed an armed robbery at the Jim Dandy Chicken store on March 28. This act by defendant is admissible under the knowledge, intent, system exception. State v. Montegut, 257 La. 665, 243 So.2d 791 (1971); State v. Spencer, 257 La. 672, 243 So.2d 793 (1971). At trial, one of the main issues was the identity of the defendant. Therefore, the prosecution was entitled to show that John Washington who was present at the robbery of the Jim Dandy Chicken store which occurred on March 28 was not mistaken in his identification of the defendant as the perpetrator because said John Washington witnessed the defendant again on April 5 when the defendant committed an aggravated assault at the same Jim Dandy Chicken establishment.
Since we find that evidence of the April 5 incident was admissible for the purpose of corroborating John Washington’s identification of defendant as the person who committed the armed robbery of March 28, it was not error for the state to mention this in the opening statement. La.C.Cr.P. Art. 766. The bill of exceptions is without merit.
Bill of Exceptions No. 3 was reserved during the state’s examination of Alphonse Ponson who was an employee of the Church’s Fried Chicken House at which the armed robbery charged herein occurred. The state asked the witness to describe any unusual occurrences on April 18, 1970. This was the date on which the defendant was apprehended as a result of his being spotted by Ponson near Church’s. After *862 Ponson saw the defendant, the police were called and shortly thereafter, the defendant was brought to Church’s Fried Chicken House with eight other suspects. The defendant was positively identified by Ponson and another employee of Church’s as the person who committed the robbery charged herein.
The defendant had no valid objection to this testimony. The prosecution was entitled to show the circumstances leading to the arrest and identification of the defendant. We concur with the trial court in holding that the circumstances under which the identification was made were fair and not suggestive in any manner.
The bill of exceptions is without merit.
Bill of Exceptions No. 4 was reserved when the trial court denied defendant’s motion for new trial. The motion was based on allegedly newly discovered evidence consisting of the testimony of Allen Carter, a brother of the defendant, that he had gone to Church’s with several photographs, including one of the defendant, prior to the trial. Carter testified that the two employees of Church’s who identified the defendant at trial had failed to correctly choose the photograph of defendant as the robber from those which he showed them. Defense counsel contends that this-showing was sufficient to warrant a new trial because it demonstrates that the identification of the defendant as the robber was erroneous.
This Court has often observed that applications for new trials when based on the ground of newly discovered evidence should be received wtih extreme caution. State v. Jackson, 253 La. 205, 217 So.2d 372 (1968). It seems incredible that the evidence of this alleged visit by the defendant’s brother was not introduced at trial to attack the identification of the defendant made by the employees of Church’s. Furthermore, both of the employees deny that Carter ever approached them about identifying the robber from photographs.
We find that the trial judge exercised sound discretion in denying the motion for new trial. For this reason, the bill of exceptions is without merit.
The remaining bills of exceptions reserved by the defendant were not argued in brief. Nevertheless, we have considered them and find them to be without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents and assigns reasons.