DIXON, Justice.
Defendants were tried under a bill of information charging them with armed robbery. R.S. 14:64. Defendants were convicted after a trial by jury and were sentenced to twelve years at hard labor.
Defendants appeal, relying on eleven bills of exceptions which were reserved and perfected. Five of these bills were not argued (Nos. 2, 6, 7, 8 and 11); therefore they will be presumed to be abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
The remaining bills of exceptions were reserved to the overruling of objections made by defense counsel to the introduction of evidence of other crimes to show intent and system. The crime for which defendants were prosecuted was the armed robbery of a man and a woman which took place about 8:30 p. m. March 26, 1972, in the French Quarter. Defendants allegedly approached the victims on foot from the rear, placed a .22 caliber Derringer at the man’s back and demanded money. After-wards, they fled on foot to a car several blocks away. The evidence introduced to show system or intent consisted of acts denominated by the State as an attempted armed robbery. Defendant Duplessis and a companion entered a food store on Chef Menteur Highway about one o’clock in the morning of April 11, 1972, over two weeks later. After making a small purchase, defendant remained for a few minutes in the store. Both men left the store when the proprietor noticed a gun in defendant’s waistband. This gun was different from that used in the earlier armed robbery. Defendant and his companion left in a car with Manuel Cosie and another man. The store owner hailed a police car which pursued the defendants and subsequently effected their arrest. The car which the defendants were in matched the description of the car used in the March 26 robbery and a gun similar to that used in the prior robbery was found in the car. A .38 caliber pistol was also found in the car and subsequently introduced into evidence at this trial although connected only with the second incident.
Wharton’s Criminal Evidence, under the heading Conduct of the Defendant Upon and After Arrest, provides:
“It is relevant to shorn the facts and circumstances attending the arrest of the accused when they logically tend> in any degree, to connect him with the perpetration of the crime. Thus, it is relevant to show the conduct and declarations of the accused at the time of arrest, after arrest and while in detention awaiting trial. It is open to the accused to offer evidence explaining his conduct upon and after arrest.” (Emphasis added). 1 Wharton’s Criminal Evidence, § 210 (Torcia Ed. 1972).
See also State v. St. Amand, 274 So.2d 179 (La.1973). In the present case facts attendant to the arrest — the car, similar gun —did tend to connect the defendants with the March 26 robbery and thus evidence of the arrest was relevant and properly admitted into evidence.
However, the evidence concerning the incident at the grocery store is not attendant to the arrest and an independent basis for its admissibility must be found.
In State v. Moore, 278 So.2d 781 (La.1973), we held that the two basic requisites for the admissibility of evidence of other crimes are that the evidence be relevant to an issue in the case and that the probative value of the evidence must outweigh the prejudicial effect.
In its opening statement the State indicated the purpose of the introduction of the evidence was to prove intent and system. Presumably, the State was attempting to show system or similar acts which would be probative of intent. R.S. 15:445, 15:446. The necessity of proving intent with this kind of evidence is questionable; however, we need not rest our decision on *167 this ground. Cf. State v. Jordan, 276 So. 2d 277 (La.1973).
 Under the proper circumstances, evidence of other crimes may be admissible to prove system where system is probative. R.S. 15:446; State v. Jordan, supra; State v. Spencer, 257 La. 672, 243 So.2d 793 (1971). However, in the present case there is no evidence of a system, a design, a plan or modus operandi. The two offenses bear no relationship to each other. The evidence of the April 11 incident tends only to prove the bad character of the defendants. It simply was not relevant to an issue in the case. State v. Moore, supra. Admission of the evidence was prejudicial error.
The convictions and sentences are reversed and the case is remanded for a new trial.
SANDERS, C. J., dissents and assigns written reasons.
SUMMERS, J., dissents for reasons assigned.
MARCUS, J., dissents.