759 So.2d 180 (2000)
STATE of Louisiana
v.
Kay V. DALTON.
No. 99-KA-0902.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 2000.
*181 Harry F. Connick, District Attorney, Nicole Barron, Assistant District Attorney, New Orleans, Louisiana, Counsel for Plaintiff-Appellee.
Laura Pavy, Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant-Appellant.
(Court composed of Judge WILLIAM H. BYRNES, III, Judge CHARLES R. JONES, Judge JAMES F. McKAY, III).
BYRNES, Judge.
On July 13, 1998, the defendant, Kay V. Dalton, was charged with possession of cocaine in violation of La. R.S. 40:967. On July 30, 1998, a jury found the defendant found guilty of attempted possession of cocaine. On that day, the trial court ordered a pre-sentence investigative report. The trial court denied defendant's motion for post verdict judgment of acquittal on October 7, 1998. The defendant waived delays and the trial court sentenced defendant to serve thirty months at hard labor, suspended, with the following conditions: 1) submit to random drug testing; 2) participate in substance abuse counseling; 3) obtain full time employment; 4) pay five hundred dollars to the Judicial Expense Fund; 5) pay two hundred dollars to the Indigent Transcript Fund; 6) pay one hundred dollars to the Public Defenders' *182 Fund; 7) pay five dollars to the Louisiana Commission on Law Enforcement; 8) pay fifty dollars to the Crime Victims' Reparations Board; 9) pay twenty dollars per month to the Department of Probation; and 10) active probation with intensive supervision for a period of five years. The trial court denied defendant's motion to reconsider. Defendant's motion for appeal was granted at the same time. On October 21, 1998, prior to the December 7, 1998 return date for the defendant's appeal, the defendant was remanded for a positive drug test. Defendant's probation was revoked on November 4, 1998, and the trial court sentenced defendant to thirty months at hard labor.
Officer L.J. Smith testified that on May 14, 1998, he was dispatched to a residence on North Dorgenois on a call of a domestic dispute. During his interview with the defendant, she was hesitant to provide the officer with her name and identification. The officer ran the defendant's name through the NCIC computer and discovered that the defendant was wanted for a municipal attachment. The officer then placed the defendant under arrest. As the officer was handcuffing the defendant, the defendant dropped a glass pipe. The officer, observing the pipe to be a crack pipe, retrieved the pipe from the floor. At that time, the defendant's husband shouted, "She on that shit. She on that shit. She's always smoking crack. That's the problem."
Officer William Giblin, a criminalist with the Crime Lab, testified that he tested the substance found in the glass pipe, and the substance tested positive for cocaine.
Kay Dalton, the defendant, testified that she called the police on May 14, 1998, because her husband, Leroy Brown, had hit her. When the police officer arrived, she was outside the apartment, sitting in a neighbor's doorway. She told the officer that her husband had assaulted her. The officer ran her and her husband's names and discovered that she had a municipal attachment. The defendant denied ownership of the crack pipe. She stated that the pipe was on the ground where she was sitting. She testified that she did not throw the pipe on the ground. The defendant admitted that she used cocaine. She did not remember if her husband made any comments when she was arrested.

ERRORS PATENT
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR NUMBER 1
In her sole assignment of error, the defendant argues that the trial court allowed inadmissible hearsay when it allowed the police officer to repeat what the defendant's husband allegedly said at the time of the defendant's arrest. Officer Smith testified that when he recovered the crack pipe which the defendant dropped, the defendant's husband shouted, "She on that shit. She on that shit. She's always smoking crack. That's the problem." The trial court overruled the defendant's objection, finding the statement to be an exception to the hearsay rule.
La. C.E. article 801 C defines hearsay as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." La. C.E. article 802 provides "[h]earsay is not admissible except as otherwise provided by this Code or other legislation." La. C.E. article 803 provides excited utterances are not excluded by the hearsay rule. An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." La. C.E. article 803(2). This exception requires an occurrence or event sufficiently startling to render the declarant's normal reflective thought process inoperative. State v. Reaves, 569 So.2d 650 (La.App. 2nd Cir. 1990), writ den., 576 So.2d 25 (La.1991). Furthermore, the statement of the declarant must have been a spontaneous reaction *183 to the occurrence or event and not the result of reflective thought. State v. Henderson, 362 So.2d 1358 (La.1978).
In determining whether the declarant was under stress of an excited event, the time span between the event and the statement is considered the most important factor. State v. Reaves, supra. The trial court must determine whether the interval between the event and the statement was of sufficient duration to permit a subsidence of emotional upset and a restoration of a reflective thought process. State v. Henderson, supra. Other factors which may indicate that a statement was the result of reflective thought, but which do not automatically justify exclusion, are: evidence that the statement was self serving or made in response to an inquiry; expansion of the excited utterance beyond a description of the event and into past or future facts; and proof that, between the event and the statement, the declarant performed tasks requiring reflective thought. State v. Henderson, supra.
In the present case, the defendant's husband's excited utterance when he saw the defendant drop the crack pipe to the floor was a spontaneous, reflexive reaction. The statement was made in immediate response to the defendant's actions without any reflective thought. The defendant's husband was under the stress and excitement caused by his wife's arrest and attempt to discard illegal contraband. The statement was clearly an excited utterance in the form of a spontaneous response to actions, not words. Therefore, the statement is admissible as an exception to the hearsay rule. The trial court did not err when it overruled defendant's objection and allowed the police officer to testify to the contents of the statement.
This assignment is without merit.
For the foregoing reasons, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
JONES, J., CONCURS WITH WRITTEN REASONS.
JONES, J., CONCURRING.
Kay V. Dalton, in her lone assignment of error, complains that the trial court erred in permitting the hearsay statement by her husband to Officer Smith into evidence.
Officer Smith testified at trial that upon arrival at Dalton's home regarding a domestic complaint, Leroy Brown, Dalton's husband stated "She on that shit (sic). She on that shit (sic). She's always smoking crack. That's the problem." Dalton objected to the admission of this evidence, and the trial court found this statement to have been res gestae utterance. For this judge, this was error.
Dalton testified that "she" was a victim of abuse by her husband. She testified that she told Officer Smith that her husband hit her. This statement was made to the officer prior to his discovery of the crack pipe. Thus, under the domestic violence act, Leroy Brown was himself subject to arrest, and his statement may very well have been hearsay, a statement which was "... the result of reflective thought." State v. Henderson, 362 So.2d 1358 (La. 1978). Mr. Brown may have uttered the statement as a justification for his having committed a battery upon his wife.
I would find that the trial court committed manifest error in permitting Officer Smith to testify as to the statement of Mr. Brown.
However, the error is harmless in this case because Dalton testified on her own behalf. Her testimony was so incriminating as to vitiate any trial error, which may have been prejudicial. Thus, while this judge would find that the statement of Mr. Brown should not have been admitted into *184 evidence, in this case the evidence of Dalton's guilt is overwhelming.