80 So.2d 710

**STATE of Louisiana**

v.

**Horace D. BOONE, Jr.**

No. 42220.

April 25, 1955.

R. H. Lee, James B. Wells, Benton, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Louis H. Padgett, Jr., Dist. Atty., Bossier City, for appellee.

FOURNET, Chief Justice.

Horace D. Boone, Jr., prosecutes this appeal from his conviction of the aggravated battery of Mrs. Thelma Woodson, and his sentence thereunder to serve three years in the Louisiana State Penitentiary. He relies for the reversal thereof on six errors allegedly committed during the course of his trial, to which timely objection was made and proper bills reserved and perfected.

The first three bills may be grouped together, inasmuch as they are interrelated. It appears that the original bill of information contained a typographical error in the name of the alleged victim in that the letter "s" was omitted from the prefix "Mrs." and the name thus appeared "Mr. Thelma Woodson." The first bill was reserved when the trial judge permitted the district attorney, before announcing he was ready for trial, to correct this error by adding the letter "s" to this prefix. The next two bills were reserved when counsel for the accused orally moved for a continuance on the ground (1) he was taken by surprise since he had been charged with the aggravated battery of a man and not of a woman, and (2) he had not been served with a certified copy of the bill of information in its amended form two clear days prior to the date of the trial, together with a copy of the jury panel summoned to try his case.

As pointed out in his per curiams, the judge permitted the amendment under LSA–R.S. 15:253, which provides that "The court may at any time before, during or aft-

er the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence", and that he accordingly denied the continuance on this ground, as well as for the reason that he was of the opinion the accused was not taken by surprise or in any way prejudiced by the change of "Mr." to "Mrs.", since he felt the accused obviously knew who Thelma Woodson was and also that she was a female.

In brief counsel for the accused has failed to assign any reason or to cite any authority to show in what respect the rights of the accused were prejudiced by these rulings and we will not, therefore, disturb them. See Articles 320 and 557 of the Code of Criminal Procedure, LSA–R.S. 15:320, 15:557.

■ Bill of Exceptions No. 4 was reserved when the judge refused to grant counsel's written motion for a continuance, based upon the fact that one of the defendant's witnesses—Captain Z. I. Zkolnik, a psychiatrist assigned to the hospital at Barksdale Air Force Base—failed to appear or answer a summons issued for him. In disposing of this bill the court informs us he was not convinced due diligence had been exerted in securing the presence of this witness, and, further, there was nothing to show the witness would ever be available even if the continuance were granted. He refused the continuance for these reasons, therefore, and also for the further reason that he was convinced the defendant was not prejudiced since the only testimony that would have been elicited from this witness, if present, would be with respect to his expert opinion as to the mental condition of the accused, and such information would be inadmissible in any event since no plea of insanity had been entered in defense. We find no error in this ruling.

■ After the district attorney had made his opening statement to the jury, counsel for the defendant, during a similar opening statement, sought to read from a hospital report certain statements with reference to the mental condition of the accused. Bill of Exceptions No. 5 was reserved when the judge sustained the district attorney's objection to the attempt to bring to the attention of the jury such evidence in the opening statement.

This bill is without merit for, as the trial judge properly observes in his per curiam, "The defense is not required to make an opening statement, but, in the event such a statement is made, it is confined to 'explaining the defense and the evidence by which he expects to prove the same.'" LSA–R.S. 15:333. Consequently, inasmuch as such evidence could not be introduced during the trial by reason of the absence of an insanity plea, he felt it was improper to permit counsel in this manner to attempt to read the statement into the record for the benefit of the jury.

■ The motion for a new trial, based on the sole contention that the verdict is

contrary to the law and the evidence, presents nothing for our review inasmuch as there was some evidence adduced during the trial on which the verdict of guilty could have been predicated by the jury. Bill of Exceptions No. 6, reserved when the judge overruled this motion is, therefore, untenable.

The conviction and sentence are affirmed.