268 So.2d 610

**STATE of Louisiana**

**v.**

**Leonard BELL.**

**No. 52118.**

May 1, 1972.

On Rehearing Nov. 6, 1972.

James S. Gravel, Alexandria, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William J. Guste, Jr., Atty. Gen. on rehearing, Harry H. Howard, Asst. Atty. Gen., Edwin O. Ware, III, Dist. Atty., Robert P. Jackson, Asst. Dist. Atty., for plaintiff-appellee.

HAMLIN, Justice:

Defendant appeals from his conviction of armed robbery, LSA–R.S. 14:64, and his sentence to serve thirty-five years at hard labor in the Louisiana State Penitentiary. Three bills of exceptions reserved during the course of the proceedings are presented for our consideration.

BILL OF EXCEPTIONS NO. 1

Bill of Exceptions No. 1 was reserved when the trial court sustained the State's objection to defense counsel's voir dire examination of prospective jurors with respect to principles of law.

The questioning by defense counsel, the ruling of the trial judge, and the colloquy among counsel and the trial court are as follows:

"Q. Do you [William E. Maxey] know any reason why you could not be fair, both to the State of Louisiana and to Leonard Bell?

"A. No, sir, I do not.

"Q. And that you will have the State to prove their case beyond a reasonable doubt?

"A. That's right.

"Q. And you can afford this Defendant a presumption of innocence?

"A. I beg your pardon, sir?

"Q. And you can afford this Defendant a presumption of innocence?

"A. Yes, sir.

"Q. You understand that there's no evidence right now in front of this court—I mean, you understand that don't you?

"A. That's right.

"Q. The fact that he is here by way of a bill of information, that's no evidence against him?

"A. That's right.

"BY MR. WARE: Your Honor, just in the interest of time the State is going to impose an objection to inquiries along this line, under the rule, State v. Richey. [258 La. 1094, 249 So.2d 143]

"BY. THE COURT: (Indistinct) instruction being given to the prospective jurors, before we go into this kind of stuff, Mr. Gravel. I am going to sustain the objection.

"BY MR. GRAVEL: To, Your Honor's ruling, the Defendant reserves a bill of exception attached to and made part of the bill of exception, the questions asked and the objection of the State, Your Honor's ruling and make the bill general.

"BY THE COURT: So ordered."

The trial judge in his per curiam to the instant bill stated:

"This bill of exception was reserved when the Court sustained an objection lodged by the State to the following 'question' being put to a prospective juror, William E. Maxey:

"Question: 'The fact that he is here by way of a bill of information, that's no evidence against him?'

"This question was answered:

"Answer: 'That's right.'

"The objection, while not really timely lodged, was aimed more at the type of inquiry being conducted by counsel for the defendant rather than the specific question posed. The objection was sustained, principally because this type of questioning on voir dire amounts to an effort to instruct the jury on the law as interpreted by counsel for the defendant. It can lead on

and on and usually does unless stopped either through objection by the State or by the Court on its own motion. Fairly recently in this jurisdiction, the Court has had to limit the scope of examination permitted to counsel for defendant in voir dire. It had reached a point where each juror was given a lecture and quiz on the law of the particular case being tried and general criminal law as understood by defense counsel. This is not, in the Court's mind, proper and for that reason the objection was sustained."

Herein, counsel for the defendant submits: " * * * It is interesting to note the rationale of Judge Gremillion in sustaining the objection of the State. This reasoning is two-fold: (1) The questions brought on voir dire amount to an effort to instruct the jury on the law as interpreted by counsel of the defense, and (2) It can lead on and on and usually does unless stopped by objection of the State or by the Court on its own motion.

"It seems these objections are minor when weighed against the rights of the defendant. The Trial Court seems to object to the jury being instructed as to matters of law. It should be pointed out that in the final analysis it is more important for the jury to understand the law than for the Court or counsel for the State or Counsel for the defendant because in the end the jury must apply this law to the facts. As for the opposition of interpretation of the law by counsel for defense it suffices to state that

if any error is made by defense counsel, the District Attorney or the Court can and does readily correct defense counsel.

"The other objection is the time these questions may take. Any discussion of the law with a prospective juror can only take several minutes; however, a misinterpretation of the law by a prospective juror can cost the defendant thirty-five years imprisonment."

■■■■ Article 786 of the Code of Criminal Procedure provides that the scope of the voir dire examination of prospective jurors is within the discretion of the trial judge, and in State v. Schoonover, 252 La. 311; 211 So.2d 273 (1968), we said: "The extent to which counsel may examine jurors on their voir dire rests largely within the discretion of the trial judge. State v. Green, 244 La. 80, 150 So.2d 571 (1963). A wide latitude in the exercise of the judge's discretion is allowed by a liberal attitude of the appellate courts. See State v. Hills, 241 La. 345, 129 So.2d 12 (1961). In general, however, we have not approved of lengthly statements of particular phases of law being expounded to jurors on their voir dire examination as a preface to interrogation, for this practice tends to facilitate attempts to commit the juror's vote in advance of deliberation. Care should be exercised by the trial court to prevent this result. La. Code of Crim.P. art. 357 (1928). State v. Bickham, 236 La. 244, 107 So.2d 458 (1958)."

■ Each prosecution has its own facts and circumstances; the discretion exercised by the trial judge in trying one case might not be the same as he exercised in another case. We have held that the trial judge's discretion exercised in his rulings on voir dire is not unlimited and is subject to our review on appeal. In order to reverse a ruling of a trial judge, setting aside a conviction and sentence, we study the record for reversible error and abuse of discretion.

■ Herein, we find no abuse of discretion. It was not necessary for defense counsel to ask on voir dire questions with respect to pertinent phases of law; the questioning would have unduly prolonged the trial. The following part of the trial judge's charge to the jury discloses that he thoroughly apprised the jury on the law which defense counsel attempted to give and interpret to the jury:

"* * * It is your duty to follow the law I now give and to apply it to the facts as you find them from the evidence. It is a violation of your sworn duty to base a verdict on any other view of the law than that given by me, just as it would be a violation of your sworn duty to base a verdict on anything but the evidence in the case. It belongs to you alone to determine the weight and credibility of the evidence. Your service as a juror obligates you to perform your duties without bias, prejudice, sym-

pathy or regard to public opinion. A person accused of a crime is presumed to be innocent until each element of the crime necessary to constitute his guilt is proven beyond a reasonable doubt. The defendant begins the trial with a clean slate with no evidence against him. The burden is on the State to so prove each and every element of the crime necessary to constitute his guilt. It is your duty in considering the evidence and applying the law to give the defendant the benefit of every reasonable doubt arising out of the evidence, or lack of evidence. If you are not convinced of his guilt beyond a reasonable doubt it is your duty to acquit him." Cf. State of Louisiana v. Richey, 258 La. 1094, 249 So.2d 143 (1971).

Bill of Exceptions No. 1 is without merit.

## BILL OF EXCEPTIONS NO. 2

Bill of Exceptions No. 2 was reserved when the trial judge sustained the State's objection to the opening statement made by defense counsel.

The objectionable statement, the colloquy among counsel and the court, and the ruling of the trial judge are as follows:

"BY MR. GRAVEL: Gentlemen of the Jury, as Mr. Ware stated when he read the statute of armed robbery to you, that through the evidence that he outlined, he must prove to your satisfaction to a moral certainty, that the Defendant was involved

in this take, the Defendant had actual knowledge of what Sheppard did. Now, he must prove every element of this crime to a moral certainty. If he leaves out any evidence—if he leaves out any element, I mean, that doesn't satisfy your moral certainty, then you must acquit. Now, as I stressed in the Voir Dire examination, the Defendant, Leonard Bell, in this case, does not have to do anything. That as of this time, each of you told me, at this time you convened, the Defendant to be innocent and he is to remain innocent until the State of Louisiana can prove beyond a reasonable doubt or moral certainty, every element of the crime of armed robbery. Now, we don't ask for you to make any conclusions now and we know that you haven't, I didn't any way because you told me you hadn't. However, I do ask that when each of these witnesses takes the stand and you are the judge—

"BY MR. DAVIDSON: Your Honor, I hate to interrupt Counsel, but he is arguing his case, he is not allowed to do that, he is to outline the evidence he is to present, that's the purpose of an opening statement.

"BY MR. GRAVEL: Your Honor,— (Interrupted)

"BY MR. DAVIDSON: He is arguing the law and asking them—(Interrupted)

"MR. GRAVEL: I don't—(Interrupted)

"BY MR. DAVIDSON: I don't find any evidence that he has presented.

"BY MR. GRAVEL: I was just about to say, I wanted the Jurymen to listen carefully to the witnesses, the State's witnesses because they have to determine the credibility of the witnesses, whether this could have happened any other way. Now, that is—

"BY MR. DAVIDSON: That is not outlining the evidence he plans to present, Your Honor.

"BY THE COURT: That is a legal argument, sustained.

"BY MR. GRAVEL: To, Your Honor's ruling the Defendant objects and reserves a bill of exception, attaching to and making part of the bill of exception, the argument thus far.

"BY THE COURT: So ordered.

"BY MR. GRAVEL: Well, as I simply said, I want you to remember, the State of Louisiana must prove everything and the Defendant doesn't have to prove anything. With the ruling of the Court I am not going to go any farther."

Defense counsel contends that the ruling of the trial judge supra caused the highest degree of prejudice to the defendant, and that said ruling was erroneous. He submits:

"Though it was the opinion of the Trial Court that defense counsel's statement was nothing but a legal argument it is submitted that this was error and that defense counsel

was simply outlining the evidence or lack of evidence of the State that would furnish the defense.

"To determine the credibility of the State's witnesses in light of the legal principles that are applicable, noncredibility of State witnesses, of course, is evidence in favor of defendant.

"Considering this Bill of Exception along with Bill of Exception No. One indicates that the Ninth Judicial District Court restricts defendant's rights of a fair trial and, therefore, it is submitted that reversible error has been committed."

We find that our ruling in the case of State v. Spencer, 257 La. 672, 682, 243 So.2d 793, 797 (1971) answers the contentions advanced by defense counsel; it recites:

"This court held under former R.S. 15:333 (Article 333 of the Code of Criminal Procedure of 1928), which defined the scope of the defendant's opening statement, that if counsel for defendant elected to make an opening statement, it was to be confined to an explanation of the defense and the evidence which would be used in an attempt to prove the defense. Wide discretion was vested in the trial judge in his control of the opening statement to confine it within these limits. State v. Shuff, 198 La. 67, 3 So.2d 278; State v. Boone, 227 La. 850, 80 So.2d 710. Our present Code of Criminal Procedure fails to lay down rules for the de-

fendant's opening statement. Articles 766 et seq. apply only to the State. We are of the opinion that this jurisprudence concerning the defendant's opening statement remains the law and is applicable. We therefore hold that defense counsel who avails himself of the opportunity to make an opening statement under Code of Criminal Procedure Article 765(4) must confine his remarks to an explanation of the nature of the defense and the evidence by which he expects to establish it. The trial court here properly exercised its discretion, and its ruling was correct." See, State v. Dillon, 260 La. 215, 255 So. 2d 745; State v. Shaffer, 260 La. 605, 257 So.2d 121; State v. Himel, 260 La. 949, 257 So.2d 670.

■ We do not find that the defendant suffered any prejudice by the trial judge's ruling; no reversible error was committed.

Bill of Exceptions No. 2 is without merit.

## BILL OF EXCEPTIONS NO. 3

Bill of Exceptions No. 3 was reserved when the trial judge overruled defense counsel's objection to the admission in evidence of the following oral statement made by the defendant to police officers:

"He had taken the car, he had picked up a 'Dude,' he did not know who he was and took him down Lower Third to a cafe and he didn't know the name of the cafe and dropped this 'Dude' off."

 This bill is not argued in brief. We consider it abandoned. However, we find that the district attorney gave notice of the State's intention to use in evidence all statements made by the defendant to law enforcement officers after his apprehension for the crime of armed robbery. We conclude that the trial judge properly admitted the above statement in evidence; his per curiam recites:

"This bill is based on an objection made by the defense counsel to the introduction into evidence of an oral statement of the defendant given to and in the presence of police officers. It is not a confession, but a statement that could have some inculpatory weight.

"An adequate showing was made outside of the presence of the jury that the statement was admissible and thus the proper foundation was laid, the statement was not induced or coerced, but was given freely and voluntarily, it was material and in general, all of the requisites were met which would permit this statement to be introduced into evidence. The significance and weight of the statement was left, of course, to the jury."

Bill of Exceptions No. 3 is without merit.

For the reasons assigned, the conviction and sentence are affirmed.

BARHAM, J., dissents with written reasons.

TATE, J., dissents and joins in the dissenting opinions of BARHAM and DIXON, JJ., as to Bill No. 1 (voir dire examination).

DIXON, J., dissents with reasons.

DIXON, Justice (dissenting).

I respectfully dissent.

We have approached a point of holding that the voir dire examination of the jurors is exclusively within the unlimited discretion of the district judge. This was not the intent of the drafters of the Louisiana Code of Criminal Procedure. (C.Cr.P. art. 786).

It is basic to the law of Louisiana that the attorneys for the State and the defense have an unqualified right to interrogate the jurors concerning their qualifications. (C. Cr.P. art. 786; State v. Hills, 241 La. 345, 129 So.2d 12).

Prejudice against, opposition to, and the inability to apply rules of law disqualify jurors. Any restriction, statutory or jurisprudential, which unduly restricts the examination of jurors as to their qualifications is unwise.

Not only has the trial court unduly restricted voir dire examination in this case, but the function of the lawyer has been further debased. Defense counsel was interrupted in his opening statement when he was apparently attempting to explain his defense.

The State objected for the reason that the defense was allowed only to "outline the evidence he is to present . . ."

It is not the defense that is restricted to outlining the evidence. The State is restricted in opening statement to explaining the nature of the charge and the nature of evidence by which the State expects to prove the charge. (C.Cr.P. art. 766).

C.Cr.P. art. 765 in providing the normal order of trial in criminal cases states that the defendant may make an opening statement. There is no statutory restriction on that right.

R.S. 15:333, since repealed when the new Code of Criminal Procedure was enacted, provided that in a trial, "the opening statement by counsel for the defendant at his option explaining the defense and the evidence by which he expects to prove the same" could be made.

This court, in three cases, has previously considered restrictions placed on the opening statement of defense counsel. In State v. Boone, 227 La. 850, 80 So.2d 710, counsel for the defendant during his opening statement ought to read from a hospital report certain statements with reference to the mental condition of the accused. The trial judge sustained the district attorney's objection to the reading of the report to which the defense reserved a bill of exceptions. We held that because such evidence could not be introduced at trial because the defendant had not pleaded not guilty by reason of insanity, it was proper for the trial court to sustain the objection.

In State v. Shuff, 198 La. 67, 3 So.2d 278, this court held that sustaining the State's objection to defense counsel's argument in the opening statement did not prejudice the defendant because, "There is nothing in the record to show that the defendant was not allowed to introduce all of the testimony available to him on the trial of this case and as referred to in his opening statement, or that he was deprived of the right to argue therefrom the deductions sought to be brought to the attention of the jury during the opening statement." (198 La. at 73, 3 So.2d at 280).

In State v. Spencer, 257 La. 672, 243 So. 2d 793, defense counsel during his opening statement began to argue the law of the case relative to burden of proof, reasonable doubt and failure of the defendant to take the stand. The judge informed counsel that such argument on the law was proper only at the end of the case to which counsel objected and reserved a bill of exceptions. This court held that the defense's opening statement must be limited to *the nature of the defense* and the evidence relied on. We held that the prior law, R.S. 15:333, must be incorporated into C.Cr.P. art. 765.

There is simply no basis in law or reason for prohibiting a defense lawyer from outlining his defense in an opening statement. If he intends to base his defense on the credibility of the State's witnesses as was apparent when the defense lawyer was interrupted in the case before us, he is entitled to alert the jury to that fact. We ought not relegate the defense lawyer to the status of an interested witness to the proceedings.

The State has argued that economical use of courtroom time justifies restricting opening argument and voir dire examination by the defense. Statistics of the Judicial Council, 1971, Table XII, show that Rapides Parish, with three judges, held ten crminal jury trials in 1971, and thirty-seven in the last five years. Total criminal cases filed in 1971 (Table XXII) declined 18.1% from 1970. Total criminal cases terminated in 1971 declined 22.2% from 1970. Nor is this a unique situation in Rapides Parish. In every other district court in the State of Louisiana, except ten, criminal cases filed *declined* in number in 1971. Over the State as a whole, there was a 6.8% reduction in criminal filings in 1971.

It does not appear that there is a demonstrable need to limit the defense function in the name of efficient judicial administration.

BARHAM, Justice (dissenting).

The majority has tried to distinguish this case from State v. Crittle, 263 La. 418, 268 So.2d 604, this day decided, without even mentioning the latter case. Both cases arose in the same jurisdiction, the jurisdiction from which State v. Richey, 258 La. 1094, 249 So.2d 143 (1971), emanated. Here the State objected to the defense inquiry as to whether the prospective juror would accept certain principles of law which are known to be contrary to the beliefs and moral convictions of some prospective jurors. The same trial court here, as in Crittle, in Richey, and in State v. Shepard, 263 La. 379, 268 So.2d 590, also decided this day, has innovated a method of interrogating jurors for selecting the jury because it found the attempt to discover grounds to challenge for cause under Code of Criminal Procedure Article 797(4) unduly prolongs trials, clogs the court's docket, imposes upon the court, and delays justice.

These jury cases come out of a jurisdiction which has so few criminal jury trials that it would be unlikely, even with unlimited voir dire examination, for all of the criminal jury trials to consume 15 days in a whole calendar year. The following statistics [1] reflect the total lack of

[1] Taken from the 1971 Annual Report of The Judicial Council of the Supreme Court of Louisiana.

need for this particular court to control voir dire examination so severely:

| Year | Number of Jury Trials in Criminal Cases |
|------|------------------------------------------|
| 1967 | 5 |
| 1968 | 10 |
| 1969 | 6 |
| 1970 | 6 |
| ·1971 | 10 |

In the present case the majority has said that "* * * the questioning would have *unduly prolonged the trial*". (Emphasis supplied.) It appears that the majority justifies its holding on this basis and on the basis that there was a good charge given to the jury at the end of the trial. Bad rulings on voir dire examination are not cured by good charges at the end of the trial. The judge's charge is required to be correct under any set of circumstances.

The voir dire examination is the vehicle by which counsel discover grounds for challenge for cause and bases for peremptory challenge. Article 1, Section 10, of our Constitution gives the right of peremptory challenge to the accused in criminal prosecutions. To properly exercise that right great latitude must be allowed counsel in examining jurors on voir dire with the scope of the inquiry governed by a liberal discretion by the court to allow discovery of any prejudice in the mind of the juror. State v. Hills, 241 La. 345, 129 So.2d 12 (1961), and Art. 786, C.Cr.P., and Comment (d). We should be careful not to write out this constitutional guarantee by loose juris-

prudential language. Voir dire examination must be legally and constitutionally fair and correct, and error which is prejudicial is not cured because all other parts of the trial are fair.

In upholding this trial court ruling the majority has changed the procedure long recognized as valid voir dire examination and eliminated the means to ascertain one of the basic grounds for challenge for cause simply for the convenience of one district court where the reasoning for change cannot be supported by the statistics shown above. I am not at all persuaded that this procedure is designed to benefit the accused or the State or to dispense speedy and effective justice.

I respectfully dissent for the reasons here assigned and for the reasons assigned in my dissents in State v. Crittle, supra, State v. Sheppard, supra, and State v. Richey, supra.

ON REHEARING

SANDERS, Justice.

We granted a rehearing in this case as to Bill of Exceptions No. 1 (limitation on voir dire examination) and Bill of Exceptions No. 2 (objection sustained during defense counsel's opening statement to the jury).

Bill of Exceptions No. 1 was reserved when the court sustained the State's objection to a defense question addressed to William E. Maxey, a prospective juror,

on his voir dire examination in the following context:

"Q. You understand that there's no evidence right now in front of this court—I mean, you understand that don't you?

"A. That's right.

"Q. The fact that he is here by way of a bill of information, that's no evidence against him?

"A. That's right.

"[District Attorney:] Your Honor, just in the interest of time the State is going to impose an objection to inquiries along this line, under the rule, State v. Richey. [258 La. 1094, 249 So.2d 143]

"BY THE COURT: (Indistinct) instruction being given to the prospective jurors, before we go into this kind of stuff, Mr. Gravel. I am going to sustain the objection.

"[Defense Counsel:] To, Your Honor's ruling, the Defendant reserves a bill of exception attached to and made part of the bill of exception, the questions asked and the objection of the State, Your Honor's ruling and make the bill general.

"BY THE COURT: So ordered."

The defense question pertained to the juror's understanding of the rule of

law that the Bill of Information is not evidence of guilt. As noted by the trial judge, the objection was made and ruled upon after the juror had already answered the question. Hence, as to that question, the ruling was harmless. See LSA–C.Cr.P. art. 921. The ruling, however, may be construed as barring further questions of similar import, that is, questions testing the juror's understanding of particular phases of the law applicable to the case.

In his Per Curiam, the trial judge states:

"The objection, while not really timely lodged, was aimed more at the type of inquiry being conducted by counsel for the defendant rather than the specific question posed. The objection was sustained, principally because this type of questioning on voir dire amounts to an effort to instruct the jury on the law as interpreted by counsel for the defendant. It can lead on and on and usually does unless stopped either through objection by the State or by the Court on its own motion. Fairly recently in this jurisdiction, the Court has had to limit the scope of examination permitted to counsel for defendant in voir dire. It had reached a point where each juror was given a lecture and quiz on the law of the particular case being tried and general criminal law as understood by defense counsel. This is not, in the Court's mind, proper and for that reason the objection was sustained."

Prior to the objection, the juror had already stated that he would apply the law given to him by the judge whether he agreed with it or not, base his verdict solely on the evidence, afford the defendant the presumption of innocence, and require the state to prove defendant's guilt beyond a reasonable doubt. As noted in our original opinion, the trial judge fully instructed the jurors at the proper time as to the law applicable to the case.

For the reasons fully assigned in State v. Shepard, 263 La. 379, 268 So.2d 590, handed down this day, we hold that the trial judge did not abuse his discretion in barring further questions as to the juror's understanding of particular phases of the law on which the trial judge was to instruct him.

Defense counsel reserved Bill of Exceptions No. 2 when the trial judge sustained the State's objection to the following portion of his opening statement:

"Gentlemen of the Jury, as Mr. Ware stated when he read the statute of armed robbery to you, that through the evidence that he outlined, he must prove to your satisfaction to a moral certainty, that the Defendant was involved in this take, the Defendant had actual knowledge of what Sheppard did. Now, he must prove every element of this crime to a moral certainty. If he leaves out any evidence— if he leaves out any element, I mean, that doesn't satisfy your moral certainty,

then you must acquit. Now, as I stressed in the Voir Dire examination, the Defendant, Leonard Bell, in this case, does not have to do anything. That as of this time, each of you told me, at this time you convened, the Defendant to be innocent and he is to remain innocent until the State of Louisiana can prove beyond a reasonable doubt or moral certainty, every element of the crime of armed robbery. Now, we don't ask for you to make any conclusions now and we know that you haven't, I didn't any way because you told me you hadn't. However, I do ask that when each of these witnesses takes the stand and you are the judge—"

In the recent case of State v. Spencer, 257 La. 672, 243 So.2d 793 (1971), we set forth the rule governing defense counsel's opening statement as follows:

"During his opening statement defense counsel began to argue the law of the case relative to burden of proof, reasonable doubt, and failure of defendant to take the stand. When the judge informed counsel that he must confine his opening statement to what he intended to prove and should reserve his argument on the law for the jury at the end of the case, counsel moved for a mistrial. The motion was overruled, and Bill of Exception No. 5 was reserved.

"This court held under former R.S. 15:333 (Article 333 of the Code of Criminal Procedure of 1928), which defined

the scope of the defendant's opening statement that if counsel for defendant elected to make an opening statement, it was to be confined to an explanation of the defense and the evidence which would be used in an attempt to prove the defense. Wide discretion was vested in the trial judge in his control of the opening statement to confine it within these limits. State v. Shuff, 198 La. 67, 3 So.2d 278; State v. Boone, 227 La. 850, 80 So. 2d 710. Our present Code of Criminal Procedure fails to lay down rules for the defendant's opening statement. Articles 766 et seq. apply only to the State. We are of the opinion that this jurisprudence concerning the defendant's opening statement remains the law and is applicable. We therefore hold that defense counsel who avails himself of the opportunity to make an opening statement under Code of Criminal Procedure Article 765(4) must confine his remarks to an explanation of the nature of the defense and the evidence by which he expects to establish it. The trial court here properly exercised its discretion, and its ruling was correct."

The foregoing holding controls the disposition of this case. Defense counsel's opening statement must be confined to an explanation of the nature of the defense and the evidence he intends to offer.

The contested statement here included argument relating to the State's burden of proof, the presumption of innocence, and the credibility of the witnesses. Hence, the trial judge did not abuse his discretion in sustaining the objection.

For the reasons assigned, our original judgment affirming the conviction and sentence is reinstated and made the final judgment of this Court.

BARHAM, J., dissents for reasons assigned in dissent on original hearing.

TATE, J., dissents for the reasons noted by the dissents on the original hearing.

DIXON, J., dissents.