352 So.2d 204 (1977)
STATE of Louisiana
v.
George DENNEY.
No. 59804.
Supreme Court of Louisiana.
November 14, 1977.
Clifford E. Cardone, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
George Denney was charged by bill of information with committing an aggravated battery on Jules Gettridge by throwing an ignited flammable liquid upon his person. After a trial by jury defendant was found guilty as charged, and sentenced to serve five years at hard labor. He now appeals to this Court for a reversal of his conviction based on seven assignments of error, consolidated into three arguments. Seven other assignments of error have not been briefed, and are therefore considered *205 abandoned. See State v. Jones, 340 So.2d 563 (La.1976).
The facts of the case are generally as follows: On March 28, 1975, at about 11:00 p.m. defendant George Denney entered the Jackson Playhouse Bar at 5021 N. Galvez Street in New Orleans. Shortly thereafter the defendant approached one Jules Gettridge and threw a cup of flammable liquid onto the latter's back as he sat at the bar, causing Gettridge's clothes to ignite and causing Gettridge to suffer burns on fifty percent of his body. Gettridge and a barmaid, Jenny Porter, testified at the defendant's trial that the cup of flammable liquid was in flames when Denney threw it on Gettridge; Denney, who testified in his own behalf, stated that he threw the liquid on Gettridge, and then when Gettridge came after him, ignited his cigarette lighter in self-defense, and Gettridge's clothing caught fire. Testimony revealed that Denney was apparently jealous of the relationship which existed between the barmaid, Jenny Porter, and Gettridge.

ASSIGNMENTS OF ERROR NOS. 3, 5, 8 AND 9
In these four assignments of error defendant contends that the trial court erred in admitting, over defense counsel's objection, evidence by the state relative to the burn injuries received by the alleged victim of the defendant. Defendant alleges that the evidence, introduced in the form of testimony by police officers and the victim and by the victim's removal of his shirt in the courtroom, was inflammatory in nature and thus should have been excluded.
We find no merit to these assignments. The evidence complained of by defendant was clearly probative as the state had the burden of proving that the liquid was a dangerous substance. La. R.S. 14:34. We conclude, therefore, that the probative value of this evidence outweighed any prejudicial effect which it might have had. State v. Trass, 347 So.2d 1156 (La.1977); State v. Redwine, 337 So.2d 1041 (La.1976); State v. Larue, 324 So.2d 384 (La.1975).

ASSIGNMENT OF ERROR NO. 4
By this assignment defendant alleges that the trial court erred when it sustained a state objection to the detailed nature of defense counsel's opening statement. The objection was twice sustained. Only after the second ruling was counsel's statement curtailed. We also find no merit in this assignment.
Generally, the scope of counsel's opening statement is left to the sound discretion of the trial judge and in the absence of an abuse of discretion this Court will not reverse a lower court's ruling. State v. Kinchen, 342 So.2d 174 (La.1977). Our review of the opening statement of defense counsel discloses that counsel was generally afforded wide latitude by the trial court. In fact the statement as a whole was exhaustive in nature. We therefore find that the trial court did not abuse its discretion in sustaining the state's objection.
This assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 10 AND 12
Defendant contends in these assignments that the trial court erred when it refused to allow defense counsel to place the victim's character in issue or to present evidence of previous hostile demonstration. We find no merit in these assignments.
La. R.S. 15:482 provides:
In the absence of evidence of hostile demonstration, or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible.
It is well established in our jurisprudence that the defendant must show that the "overt act" had taken place at the time of the incident in question. In our recent decision in State v. Brent, 347 So.2d 1112, 1116 (La.1977) we made the following explanation of the necessary prerequisites to the introduction of evidence of the victim's character and previous hostile demonstration:

*206 Under our statutes and jurisprudence, such evidence is not admissible until defendant has made a showing with appreciable evidence that the victim made a hostile demonstration or overt act against him at the time of the incident which would have manifested to a reasonable person that he was in danger of grave bodily harm or of being killed. La. R.S. 15:482; State v. King, 347 So.2d 1108 (La.1977); State v. James, 339 So.2d 741 (La.1976); State v. Lee, 331 So.2d 455 (La.1976). Once that showing has been made, then the evidence can be brought to the attention of the jury which can then serve as fact-finder and believe or disbelieve any or all of this evidence. (emphasis provided)
In the present case defendant attempted to introduce testimony relative to two occurrences which had taken place approximately one year prior to the incident which forms the basis of the present charge against the defendant. The trial court properly excluded such testimony as defendant had not proved at this time (nor did he at any other time in the trial) the commission of an overt act on the part of the victim at or even near the time of the incident. Defense counsel contends that these acts which occurred approximately one year prior to the incident satisfy our statutory and jurisprudential requirements. On the contrary the hostile act of the victim must occur at the time of the incident. The accused cannot otherwise reasonably have had an apprehension of immediate danger.
This assignment lacks merit.

Decree
For the above reasons the conviction and sentence of the defendant George Denney is hereby affirmed.
AFFIRMED.