498 So.2d 1177 (1986)
STATE of Louisiana, Appellee,
v.
Bruce LEE, Appellant.
No. CR 86-213.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
*1178 Michael Kelly, Marksville, for defendant-appellant.
J. Edward Knoll, Dist. Atty., Marksville, for plaintiff-appellee.
Before DOMENGEAUX, FORET and STOKER, JJ.
FORET, Judge.
Defendant, Bruce Lee, was charged with second degree murder, in violation of LSA-R.S. 14:30.1. A jury of twelve found defendant guilty as charged. The trial court sentenced defendant to serve the mandatory term of life imprisonment without benefit of parole, probation, or suspension of sentence. Defendant has appealed his conviction and sentence and assigns as error the following:
(1) The trial court's refusal to permit defense counsel to argue to the jury in opening statements the violent character of the victim;
(2) The trial court's refusal to instruct the jury as requested by defense counsel in jury instruction no. 3;
(3) The trial court's refusal to instruct the jury as requested by defense counsel in jury instruction no. 4;
(4) The trial court's refusal to grant a post-verdict judgment of acquittal;
(5) The verdict of the jury because the evidence at trial was legally insufficient to support a verdict of guilty of second degree murder; and
(6) The sentence of life imprisonment at hard labor without benefit of parole, probation, *1179 or suspension of sentence, which the defendant contends is excessive.

FACTS
On July 7, 1985, defendant, Bruce Lee, shot and killed the victim, Marcel Desselles, with a shotgun. The victim and defendant were participants in a baseball game at a baseball park in Marksville, Louisiana. The two men, who were playing on the same team, became involved in an argument which centered around the fashion in which the victim was playing his position. Angry words were exchanged by both men, and defendant left the playing field. Defendant went to his truck and removed a shotgun which he loaded. He then walked to the front of the truck. A spectator noticed him and yelled out that defendant had a gun. At least one individual began to run in defendant's direction, apparently hoping to dissuade defendant from any rash conduct. The victim, alerted to defendant's having armed himself, proceeded toward defendant, shaking off two fellow ball players who tried to restrain him, and climbed over the ballfield fence. As the victim approached, defendant leveled the shotgun in the victim's direction. The victim stopped, and defendant lowered the shotgun. The victim then began to walk laterally, neither moving toward nor away from the defendant. The defendant again leveled the shotgun at the victim and this time fired. The victim was hit in the face and chest and died shortly afterwards.

ASSIGNMENT OF ERROR NO. 1
Defendant assigns as error the trial court's refusal to permit defense counsel to argue to the jury in his opening statement the violent character of the victim. During the course of the defense's opening statement, counsel made the following remark to the jury:
"Now if I am permitted I will attempt to present evidence to you that Morselle Desselles had a reputation as a violent man."
The State immediately objected on the ground that such evidence would be inadmissible at trial. The court sustained the objection, ruling that defense counsel should not make any remark in his opening statement regarding the violent character of the victim since the admissibility of such evidence was questionable.
In State v. Bell, 263 La. 434, 268 So.2d 610 (La.1972), on rehearing, the Louisiana Supreme Court noted that our present code of criminal procedure does not establish rules for defendant's opening statement. LSA-C.Cr.P. arts. 766, et seq., apply only to the State. However, when defense counsel avails himself of the opportunity to make an opening statement, the statement must be confined to an explanation of the nature of the defense and the evidence by which he expects to establish it. A trial court's ruling with respect to the scope of the opening statement should not be disturbed absent a manifest abuse of discretion. State v. Denney, 352 So.2d 204 (La. 1977).
In the instant case, there existed the question of whether evidence regarding the violent character of the victim would be admissible. At trial, defense counsel conceded as much. Given this doubt as to the admissibility of such evidence, the trial court did not abuse its discretion in sustaining the objection and limiting defense counsel's remarks in his opening statement.
Even if it can be said that the trial court's ruling may have been unduly restrictive on the defense counsel, the record does not indicate that defendant's right to a fair trial was substantially prejudiced by the ruling and, absent such prejudice, there was no reversible error. State v. Green, 390 So.2d 1253 (La.1980). Defense counsel was ultimately allowed to present evidence of the victim's violent character to the jury and to discuss such evidence in his closing statement. This assignment of error is without merit.

ASSIGNMENT OF ERRORS NO. 2 & 3
Defendant contends that the trial court erred in refusing to give two requested jury charges. The first jury instruction *1180 which defendant requested but which the court did not give was:
"Although there is not an unqualified duty to retreat, the possibility of escape is a recognized factor in determining whether or not a defendant has the reasonable belief that deadly force was necessary to avoid danger."
The trial court did give the following jury instruction regarding self-defense:
"A homicide is justifiable if committed in self-defense by one who reasonably believes that he is in emminent (sic) danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger. The danger need not have been real as long as the defendant reasonably believed that he was in actual danger. Some factors that you should consider in determining whether the defendant had a reasonable belief that the killing was necessary or (sic) one the possibility of avoiding the necessity of taking human life by retreat. Two, the excitement and confusion of the occasion. Three, the possibility of preventing the danger to himself by using force less than killing and four, the defendant's knowledge of his assailant's dangerous character. Thus, if you find one that the defendant killed in self-defense, and two that the defendant believed that he was in danger of losing his life or receiving great bodily harm and three, that the defendant believed the killing was necessary to save himself from the danger and four, that the defendant's beliefs were reasonably [sic] in light of the circumstances, then you must find the defendant not guilty. A defendant who raises the defense that he acted in self-defense does not have tothe burden of proving on that issue. The state must prove beyond a reasonable doubt that the homicide was not committed in self defense."
It is well settled that requested charges which are already substantially given and covered by the trial court's general charge are properly refused. LSA-C. Cr.P. art. 807; State v. Matthews, 380 So.2d 43 (La.1980). The trial court's given charge defined `justifiable homicide' sufficiently to inform the jury that the possibility of retreat is only a factor to be considered and not an absolute duty on the part of the defendant. The trial court was, therefore, not required to give the defendant's requested charge which was essentially to the same effect.
The defense's requested jury charge no. 4, which the trial court also refused to give, was:
"Defendant does not have the burden of proving `passion' or `heat of blood' in order for the jury to return a verdict of guilty of manslaughter."
Defendant's requested jury charge is apparently based upon dictum contained in State v. Peterson, 290 So.2d 307 (La.1974). In Peterson, our Supreme Court observed, at page 311:
"... in this jurisdiction `passion' may be inferred by the jury from the evidence adduced upon trial by the State, there being no requirement in our law that these factors be affirmatively established by the defendant."
Although the trial court declined to give the instruction which defendant requested, the court did instruct the jury as to the presumption of innocence and the State's burden of proving guilt beyond a reasonable doubt in the following terms:
"The defendant is presume [sic] to be innocent until each element of the crime necessary to constitute his guilt is proven beyond a reasonable doubt. The defendant is not required to prove that he is innocent, thus the defendant begins the trial with a clean slate. The burden is upon the State to prove the defendant's guilt beyond a reasonable doubt. In considering the evidence you must give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence."
The trial court's instruction leaves no doubt that the State bears the ultimate burden of proof. The trial court also instructed the jury as to the necessary elements of second degree murder and manslaughter. Taken together, these instructions adequately informed *1181 the jury that defendant had no affirmative burden to prove the presence of passion. The court's general charge with regard to the presumption of innocence substantially covered the requested charge regarding burden of proof.
Defendant's assignments of error nos. 2 and 3 are without merit.

ASSIGNMENTS OF ERROR NOS. 4 & 5
In these assignments of error, defendant contends that the evidence was insufficient to support a verdict of guilty and that the trial court should have granted a post-verdict motion of acquittal. The standard of review when an appellate court examines sufficiency of evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could conclude, beyond a reasonable doubt, that there was proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984). The standard for granting a post-verdict motion of acquittal under LSA-C.Cr.P. art. 821 is essentially the same[1].
As part of his defense, defendant admitted shooting and killing the victim but argued that the shooting was in self-defense or, in the alternative, was done in sudden passion or heat of blood sufficient to reduce the homicide to manslaughter. Several witnesses testified to the events leading to the shooting. Nathaniel Deshautelle testified on behalf of defendant that defendant and the victim were arguing in the playing field over how the victim was to play his position. After arguing and name-calling, defendant left the playing field, walked to his truck, and removed a shotgun. Other witnesses testified to the same effect. Peter Oliver testified that the defendant walked off the field, removed his shotgun from his truck, and then began to walk back to the playing field.
Yovanae Stewart testified that defendant took the gun and said, "I'm going to show him, I'm going to shoot that son of a bitch." She testified that the victim was approaching defendant and stopped when he saw the gun, and that several people were around defendant trying to stop him and get the gun away from him. Phillips Whittingham also testified that the victim stopped when defendant raised the shotgun and aimed. No one except defendant testified that the victim was moving toward defendant when he fired.
Second degree murder is defined by LSA-R.S. 14:30.1, in pertinent part, as:
"... the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; ..."
The evidence is clearly sufficient to find that defendant killed the victim with the specific intent to kill or to inflict great bodily harm. In order for a homicide to be justifiable because it was committed in self-defense, the person making the claim of self-defense must have reasonably believed that he was in imminent danger of losing his life or receiving great bodily harm and that the killing was necessary to save himself from that danger. LSA-R.S. 14:20. Viewing the evidence in a light most favorable to the prosecution, the jury could have concluded that the State had proved, beyond a reasonable doubt, that defendant had not acted in self-defense. At the time of the shooting, the unarmed victim was some forty feet from the defendant and, there was testimony, that the victim had stopped and was no longer approaching defendant.
In order to reduce a homicide to manslaughter, the offense must be committed in such passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. Provocation will not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the *1182 offense was committed. LSA-R.S. 14:31. All the witnesses at trial agreed that, although the victim and the defendant had argued on the baseball field, the argument had not come to blows. Under the circumstances, the jury could have concluded that there was insufficient provocation to deprive an average person of his self-control and cool reflection or, alternatively, that defendant's blood had actually cooled at the time the offense was committed.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends that the mandatory life sentencing provision of LSA-R.S. 14:30.1 constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Art. 1, § 20 of the Louisiana Constitution. This assertion has been consistently rejected by the Louisiana Supreme Court. State v. Parker, 416 So.2d 545 (La.1982); State v. Daniel, 378 So.2d 1361 (La.1979).
This assignment of error is without merit.

DECREE
For the foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.
NOTES
[1] LSA-C.Cr.P. art. 821(B) provides:

"B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty."