606 So.2d 965 (1992)
STATE of Louisiana, Appellee,
v.
Walter Wayne HURST, Jr., Appellant.
No. CR92-21.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1992.
*966 G. Paul Marx, Lafayette, for defendant-appellant.
Michael Harson, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before STOKER and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
BERNARD M. MARCANTEL, Judge Pro Tem.
The issues presented by this appeal are (1) whether the trial court erred in not permitting defendant to present certain witnesses and evidence in defense of the charge of aggravated rape; (2) whether the trial court erred in allowing the State to lead witnesses, to present certain testimony, and denying defendant's objections to the testimony; (3) whether the trial court erred in interrupting defendant's opening argument; and, (4) whether the verdict is unconstitutional.
Defendant, Walter Wayne Hurst, Jr., was charged by grand jury indictment on *967 April 5, 1989, with the crime of aggravated rape of a nine-year-old girl, a violation of La.R.S. 14:42 A(4). After a jury trial on October 16 and 17, 1989, defendant was found guilty as charged and appeals, pursuant to La.C.Cr.P. art. 912.1 B, alleging four assignments of error.

ASSIGNMENT OF ERROR NUMBER 1
In this assignment of error, defendant contends that the trial court erred in not allowing him to present witnesses and evidence in defense of the charge of aggravated rape. Defendant contends that medical testimony from a psychiatrist and a neuropsychologist would have supported the proposition that his intoxicated and drugged state, plus the dual diagnosis of severe brain disfunction and chemical dependency, would have precluded the presence of special knowledge required in the crimes of aggravated rape and forcible rape. Defendant also wanted to introduce evidence of his intoxicated state at the time of the crime.
Defendant contends that La.R.S. 14:42 requires a special knowledge of the act of intercourse and that his testimony and that of the doctors would have shown that his condition precluded the presence of this special knowledge. In support of his contention, defendant cites La.R.S. 14:15(2), which states:
"The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:
* * * * * *
(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime."
In his argument at trial, defendant did not rely on the first part of section 2, which refers to specific criminal intent, but depended solely on the second part of section 2 which refers to special knowledge. However, on appeal, defendant vigorously argues that "threats of bodily harm to the victim and other such specific acts make the attempt required in aggravated rape specific in nature." Defendant argues that numerous court rulings, which determined that the crime of aggravated rape is a general intent crime and intoxication is not a defense to such a crime, are incorrect "because the grade of the offense is highly dependent upon the actions and specific intent of the offender." If rape is classified as a specific intent crime, then defendant's intoxicated state would be a defense to the charge under La.R.S. 14:15(2). However, neither defendant's "special knowledge" argument nor his contention that rape is a specific intent crime is supported by the law or jurisprudence.
Criminal intent is defined in La.R.S. 14:10, which states:
"Criminal intent may be specific or general:
(1) Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
(2) General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act."
In determining whether a crime is a general intent offense or a specific intent offense, La.R.S. 14:11 states:
"The definitions of some crimes require a specific criminal intent, while in others no intent is required. Some crimes consist merely of criminal negligence that produces criminal consequences. However, in the absence of qualifying provisions, the terms `intent' and `intentional' have reference to `general criminal intent'."
The crime of rape is defined as the act of anal or vaginal sexual intercourse with a male or female person committed without the person's lawful consent. La.R.S. 14:41.
*968 Defendant was charged with the aggravated rape of a nine-year-old girl, pursuant to La.R.S. 14:42 A(4), which states:
"A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
* * * * * *
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense."
There is no reference to intent in La.R.S. 14:42 and the absence of the reference renders the offense a general intent crime, under the provisions of La.R.S. 14:11. Jurisprudence has held that the offense of aggravated rape is a general intent crime. State v. McDaniel, 515 So.2d 572 (La.App. 1 Cir.1987), writ denied, 533 So.2d 10 (La. 1988). This crime is not the type of offense contemplated by La.R.S. 14:15 as requiring special knowledge. The analogous "special knowledge" in the aggravated rape statute is the knowledge of the age of the victim; however, the aggravated rape statute specifically states that "lack of knowledge of the victim's age shall not be a defense." La.R.S. 14:42 A(4). The defendant offered no authority to support his contention that the sexual intercourse required as a basic element of the rape offense also constitutes special knowledge. In light of the plain language of La.R.S. 14:10, concerning intent, the statutory definition of aggravated rape, contained in La. R.S. 14:42, and the absence of any support for the contention that the aggravated rape statute requires special knowledge or specific intent, we find that aggravated rape is clearly a general intent crime.
Voluntary intoxication is not a defense to a general intent crime. La.R.S. 14:15; State v. Boleyn, 328 So.2d 95 (La. 1976). Voluntary intoxication is not a defense to a charge of aggravated rape. State v. McDaniel, supra. In light of this jurisprudence, the evidence of intoxication and drug use to which the defendant would have testified, had its introduction been allowed, was not a material fact and was properly excluded. In addition, the testimony of the physicians, concerning the defendant's medical history, was also properly excluded. The only mental conditions which preclude criminal responsibility are set forth in La.R.S. 14:14, which states:
"If the circumstances indicate that because of a mental disease or mental defect the offender was incapable of distinguishing between right and wrong with reference to the conduct in question, the offender shall be exempt from criminal responsibility."
The law requires that defendant, in order to avail himself of the insanity defense, must plead not guilty and not guilty by reason of insanity and must show that he was unable to distinguish right from wrong. State v. Brown, 550 So.2d 922 (La.App. 2 Cir.1989), writ denied, 556 So.2d 1259 (La.1990). Defendant did not attempt to introduce a plea of not guilty and not guilty by reason of insanity. Louisiana does not recognize the doctrine of diminished capacity. State v. Lecompte, 371 So.2d 239 (La.1978). The medical testimony that defendant proposed was properly excluded by the trial court, and we find defendant's assignment of error lacks merit.
Defendant next contends that the trial judge informed the jury, during the questioning of a witness, that "Aggravated rape is a crime that does not require specific intent, only general intent. And because of that, intoxication is not a defense." The trial judge's comment came as a direct result of the State's objection to the following exchange between the defense counsel and the witness:
"Q. Now, you say that Walter was acting, as you put it, very nervous and he was not acting like himself, correct?
A. Yes.
Q. Now, is thatdo you think that possibly that could be due to the fact that maybe he was under the influence of alcohol and drugs?"
The trial judge's remarks to the jury were proper in light of the questioning by defense counsel and the objection by the State. Counsel had been correctly prohibited *969 earlier from introducing evidence of defendant's intoxication as a defense against the charge of aggravated rape. Counsel's attempt to introduce such evidence during cross-examination of a witness of the State was, therefore, improper. The trial judge correctly stated the law on this point to the jury in order to prevent confusion. The trial judge subsequently gave comprehensive instructions concerning criminal intent and intoxication as a defense during the jury charge. Defendant presents no evidence to support his contention that this action by the trial judge was improper or that it prejudiced him in any manner. Absent any showing of impropriety or prejudice, the contention has no merit.

ASSIGNMENT OF ERROR NUMBER 2
Defendant contends that the trial court erred in allowing the State to lead witnesses, present irrelevant, immaterial and speculative testimony, and denying his objections to same. Defendant contends that the failure to sustain specific defense objections constituted reversible error and rendered the trial constitutionally infirm and in violation of due process.
After a review of the record, we find that, while each of the rulings regarding the defendant's objections can be defended on the merits, any possible error by the trial court is subject to a harmless error analysis. Under this harmless error analysis, the trial judge's failure to sustain the defense objections does not constitute reversible error.
The United States Supreme Court has stated that the complete denial of counsel, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and adjudication by a biased trial judge, Tumey v. State of Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927), constitute structural defects in a trial which cannot be evaluated as harmless error. Other errors which occur during trial are considered "trial errors" and are subject to a harmless error analysis. Arizona v. Fulminante, ___ U.S. ___, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).
The trial error is harmless when a reviewing court is convinced that the error was harmless beyond a reasonable doubt. Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). This analysis mandates consideration of the entire record prior to reversing a conviction for constitutional errors that may be harmless. United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). If a reviewing court finds that the trial record establishes guilt beyond a reasonable doubt, the interests of justice have been satisfied and the judgment should be affirmed. Rose v. Clark, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).
In this case, evidence of defendant's guilt was overwhelming. The victim's brother, Bryan Stacy Gary, saw the defendant walking toward his apartment with the victim. Shortly thereafter, the victim's other two brothers, Paul Spencer and Scott David Gary, went to defendant's apartment and were told by the defendant that the victim was not there. The defendant told the boys the reason they could not enter the apartment was he had an undressed girlfriend inside. Later, the boys became alarmed that their sister was still missing. Scott returned to defendant's apartment and Paul called the police. Scott was allowed to enter the defendant's apartment but he did not find his sister. Scott left the apartment and waited for the police to arrive. When the police entered the apartment ten to fifteen minutes later, the defendant was gone.
The victim testified that defendant lured her to his apartment with the promise of giving her a bicycle he had inside. Defendant separated the victim from a friend who was with her by suggesting a game of hide and seek. The friend hid his eyes and the victim was taken from the area by the defendant to his apartment. When the victim's brothers came to the apartment, defendant told the victim to hide in the closet. After the second encounter with Scott, defendant took the victim to his truck and told her to hide behind the truck seat. Defendant drove around town with the victim and eventually stopped on a dead-end road. At that time, defendant told the *970 victim to undress and then raped her. Defendant threatened the victim and she bit him during the attack. After the attack, defendant drove the victim to a location near her home and put her out of the truck. The victim was dropped off, alone, at approximately 10:00 P.M. Defendant instructed the victim not to tell anyone about the rape. The physician who examined the victim later testified that she suffered from injuries consistent with sexual intercourse.
Defendant voluntarily gave a taped statement to the police after his arrest and took the authorities to the location where the rape occurred. Defendant denied raping the victim and insists he only inserted his finger into the child's vagina.
As stated previously, the evidence presented at trial of defendant's guilt was overwhelming, and we find that the trial court's rulings to the three defense objections, if in error, constitute harmless error under Fulminate, supra, Clark, supra, Hasting, supra, and Chapman, supra.
For these reasons, this assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER 3
Defendant contends that the trial court erred in interrupting his counsel's opening statement, sua sponte, and imposing limits on the defense that were never imposed on the prosecution. The defense counsel's opening statement was interrupted by the trial judge as follows:
"MR. GUILBEAUX:
I talked a lot in the beginning up front in my voir dire with you about responsive verdicts, and I want this clearly understood by everyone here because it is critical to this case that you understand this.
THE COURT:
Excuse me, Mr. Guilbeaux, this is not time for argument, it is time to tell the jury what evidence you intend to introduce, then you can argue all of these points in argument, but that's not the opening statement is not intended for argument.
MR. GUILBEAUX:
I appreciate that and I will Your Honor, it's just that he got into aggravated rape and I just want to make a comment, you know, you didn't stop him when he did that and I just thought I could to that to [sic]. If I might finish then Judge ...
THE COURT:
Well, I think you should go on to your evidence.
MR. GUILBEAUX:
Alright."
Defendant argues that the court's interruption of his counsel's opening statement in this manner was a prejudicial comment on the evidence and impeded his right to make an opening statement.
The normal order of trial is outlined in La.C.Cr.P. art. 765 and section 4 of that statute sets forth the provisions for opening statements by the State and the defendant. Articles 767 and 769 govern the opening statement of the State but there is no similar provision which deals with the opening statement of the defendant. Certain limitations on the scope of defense's opening statement have been developed jurisprudentially.
When defense counsel avails himself of the opportunity to make an opening statement, the statement must be confined to an explanation of the nature of the defense and the evidence by which he expects to establish it. State v. Bell, 263 La. 434, 268 So.2d 610 (1972), on rehearing; State v. James, 459 So.2d 1299 (La.App. 1 Cir.1984), writ denied, 463 So.2d 600 (La.1985). The trial court is vested with wide discretion in its control of the opening statement, and its ruling will not be disturbed absent a manifest abuse of discretion. State v. Denney, 352 So.2d 204 (La.1977); State v. Lee, 498 So.2d 1177 (La.App. 3 Cir.1986), writ denied, 504 So.2d 874 (La.1987).
The trial court was within its discretion in prohibiting defense counsel from detailing responsive verdicts during his opening statement. This appellate court has previously upheld similar trial court action, where defense counsel attempted to argue legal aspects of alternative theories regarding the crime charged. State v. Hubmer, 553 So.2d 1056 (La.App. 3 Cir.1989), writ denied, 560 So.2d 11 (La. *971 1990). In addition, defendant showed no prejudice as a result of the trial court's ruling and the ruling, if incorrect, constituted harmless error.
Defendant was permitted to outline the responsive verdicts of attempted aggravated rape, forcible rape, attempted forcible rape, and sexual battery during his closing argument, and to characterize the evidence presented as possibly meeting the elements of one or more of these lesser-included offenses. The trial judge detailed the offense of aggravated rape, as well as each of the above responsive verdicts, in his charge to the jury. As these alternatives were fully presented to the jury, defendant suffered no prejudice as a result of the trial court ruling.
Defendant cites no authority for his contention that the trial court must allow a detailed presentation of possible responsive verdicts in a defendant's opening statement. We find that such comments by counsel during the opening statement do not involve an explanation of the nature of the defense or the evidence by which the defense is to be established, as allowed in James, and, that the trial court acted properly in prohibiting these remarks. In addition, given the overwhelming evidence of defendant's guilt, any error in the court's ruling would be harmless error. Fulminate, supra.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER 4
In this assignment of error, defendant contends that the verdict is unconstitutional in that the statutes of Louisiana regarding the crime of rape are invalid because they violate due process of law as guaranteed in the United States and Louisiana Constitutions. Defendant argues that, under the scheme of Louisiana's rape statutes, the jury has complete and unfettered discretion to sentence the accused by returning a verdict because the facts of aggravated rape and forcible rape are indistinguishable. Defendant argues that the jury can sentence an accused by drawing distinctions between circumstances that constitute the offenses of aggravated rape and forcible rape, and then choosing which verdict to return. As sentencing decisions are subject to review, defendant argues that this "unbridled discretion," which allows a jury to choose which verdict to return without providing a written explanation of the factors considered, denies a defendant his constitutional right to have his sentence reviewed for excessiveness. This argument is not supported by law, jurisprudence, or the facts of this case.
First, defendant admits his basic argument has been considered and rejected by both this court and the Louisiana Supreme Court. The constitutionality of the rape statutes, and the procedure of allowing a jury to assess the evidence and determine a verdict, has been considered and upheld. State v. Willie, 422 So.2d 1128 (La.1982).
The jury does not determine the sentence to be served by the defendant when deciding whether the defendant is guilty of aggravated rape or the lesser-included offense of forcible rape, as the sentence has already been determined by the legislature. State v. Saltzman, 520 So.2d 1008 (La.App. 3 Cir.1987), writ denied, 521 So.2d 1175 (La.1988). The jury must consider the evidence presented at trial and is not free to convict a defendant of one charge over another based merely on the desire to impose a particular sentence. State v. Poydras, 514 So.2d 516 (La.App. 3 Cir.1987).
Defendant cites McDaniel, supra, as a possible example of confusion among the appellate courts. This case explicitly held, however, that distinctions between aggravated rape and forcible rape can be properly drawn by a jury based on the testimony presented at trial. To hold the contrary would be a direct attack on the long-standing practice of accepting responsive verdicts to a charged offense. If juries are not allowed to convict defendants of lesser-included rape offenses because they are "sentencing" defendants by evaluating the evidence presented and drawing distinctions between the offenses, then the rendition of all responsive verdicts for all crimes would be improper and would constitute unfettered sentencing decisions by the juries.
*972 In this case, the distinguishing factor was not, as defendant alleges, the degree of force used on the victim. Defendant was charged and convicted for aggravated rape based on the fact that the victim was only nine years old when the crime was committed. This factor clearly distinguishes aggravated rape from forcible rape because it is not contained in the forcible rape statute. The degree of force was not a factor to be considered by the jury. This assignment of error has no merit.
For the reasons assigned, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.